# 99 DTA 207

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL IV DE AGUADILLA Y MAYAGÜEZ
### PANEL I

OFICINA DE SEGURIDAD Y SALUD EN EL TRABAJO (OSHA)
Recurrida

v.

NORTHWEST COMMUNICATIONS, INC.
Recurrente

Núm. KLRA-99-00189

San Juan, Puerto Rico, a 10 de junio de 1999

Panel integrado por su Presidenta, la Juez López Vilanova,
el Juez Córdova Arone y la Juez Feliciano Acevedo

Córdova Arone, Juez Ponente

Northwest Communications Inc. (Northwest) solicita la revisión de una decisión emitida el 9 de febrero de 1999 por la Oficina de Seguridad y Salud en el Trabajo del Departamento del Trabajo y Recursos Humanos (OSHA), mediante la cual se confirmó la citación y notificación de penalidad expedida en su contra por la oficina regional de Mayagüez de la referida agencia. Por los fundamentos que pasamos a exponer más adelante, se deniega la expedición del auto de revisión. Procedemos a efectuar una breve exposición de los hechos que culminan en la decisión recurrida.

## I

Northwest es una compañía que se dedica al negocio de construcción de líneas soterradas de comunicación. El 11 de marzo de 1997, el Sr. Norberto Ríos, inspector de OSHA (el inspector), realizó una inspección de seguridad en el sitio de empleo de Northwest según lo dispone la Ley Núm. 16 de 5 de agosto de 1975, según enmendada, conocida como la Ley de Seguridad y Salud en el Trabajo, 29 L.P.R.A. sec. 361p.

El 23 de abril de 1997, el Secretario del Trabajo y Recursos Humanos (el Secretario) expidió una citación y notificación de penalidad en contra de Northwest. 29 L.P.R.A. sec. 361(r). Le imputó el haber permitido a tres de sus empleados trabajar dentro de una excavación debajo de una excavadora mientras dicha máquina removía tierra de la misma, exponiendo a los empleados a que fueran aplastados por el material. 10 OSHA sec. 1926.651 (e). Se le impuso a Northwest una penalidad de $2,500.

El 14 de mayo de 1997, Northwest impugnó la imposición de la referida penalidad. 29 L.P.R.A. sec. 361s(a). Así las cosas, el 12 de junio de 1997, el Secretario, luego de solicitar una prórroga, presentó una querella en contra de Northwest en la cual le imputó el haber cometido la violación alegada en la citación. El 9 de febrero de 1999, la citación fue confirmada por OSHA, mediante la decisión recurrida.

En ésta, OSHA determinó que mientras los empleados permanecían en una excavación, una máquina excavadora era operada al borde de la misma, removiendo material del interior de ésta. Los empleados llenaban de tierra el brazo de la máquina cuando el mismo era traído hacia dentro de la excavación; entonces el operador trasladaba la tierra fuera de la misma. El inspector llamó la atención al supervisor de Northwest, quien modificó inmediatamente la situación para no exponer a los empleados a riesgo alguno. OSHA determinó que el riesgo tomado fue severo e inmediato, ya que Northwest permitió que sus empleados trabajaran bajo cargas de tierra, exponiéndolos a sufrir grave daño corporal. Se le impuso a Northwest una multa de $2,500.00.

Inconforme, Northwest presentó ante este Tribunal un escrito de revisión en el cual le imputa a OSHA haber errado al: (1) no desestimar la querella por haberse presentado tardíamente y (2) apreciar la prueba (señalamientos de error segundo y tercero)

## II

Comencemos por discutir el primer señalamiento de error apuntado por Northwest en su escrito a los efectos de que debió desestimarse la querella por haberse presentado tardíamente. Northwest alega que en el Reglamento no se establece que el término para la presentación de la querella sea prorrogable, que la sección 2200.5 del Reglamento no aplica a la presentación de querellas e intenta equiparar la presentación de la querella con la de una demanda civil, para la cual las Reglas de Procedimiento Civil no establecen la concesión de prórroga alguna.

Sobre este particular, el Reglamento Núm. 9 de OSHA (el Reglamento), en su sección 2200.33 (a)(1) establece lo siguiente: *"[E]l Secretario deberá radicar una querella ante el Oficial Examinador no más tarde de*

*veinte (20) días después de recibir la notificación de impugnación."*

En el caso de autos, la impugnación de la citación y de la penalidad propuesta se notificó al Secretario el 14 de mayo de 1997. Según se desprende del expediente ante nuestra consideración, el Secretario solicitó prórroga para presentar su querella el 2 de junio de 1997, la cual se le concedió el 5 de junio del mismo año. Según el Secretario, el término para presentar la querella vencía el 19 de junio de 1997. OSHA entendió que la querella se radicó a tiempo, el 12 de junio del mismo año. Debemos señalar que no se acompañó la solicitud de prórroga, por lo que no se acreditó el término concedido. Lo que consta en autos es que la solicitud de prórroga se hizo antes que venciera el término para presentar la querella, por lo que se cumplió con el Reglamento 9 de OSHA, específicamente con su sección 2200.5. Esta establece que *"[L]as solicitudes de prórrogas para la radicación de cualquier informe o documento, tienen que ser recibidas antes de la fecha en que el informe deberá ser radicado".*

OSHA consideró que el Secretario podía solicitar una prórroga para presentar la querella en contra de un patrono. Basó su actuación en la sección 2200.5 del Reglamento. Según su interpretación, una querella es un documento en el cual se le imputa al patrono violaciones de ley; por lo tanto, es posible solicitar una prórroga para proceder a su presentación a tenor con el Reglamento siempre y cuando se permita en el término establecido. Coincidimos con la interpretación del Reglamento efectuada por OSHA; es más, la misma nos merece deferencia sustancial. *Rodríguez v. Méndez,* **99 J.T.S. 28.**

Por otro lado, Northwest olvida que las querellas al amparo de la Ley de Seguridad y Salud en el Trabajo, *supra,* no pueden presentarse hasta que ocurra un evento procesal previo, la impugnación de la citación y de la penalidad propuesta. El término de veinte (20) días fijado para la presentación de la querella comienza a decursar a partir de que el Secretario reciba la notificación de esa impugnación. Es decir, existe un término para la presentación de la querella, lo que implica que se puede solicitar la extensión del mismo. El acto de presentación de una demanda civil no se condiciona a la ocurrencia de un evento previo, por lo que no hay necesidad de solicitar prórrogas. En atención a lo expresado, el primer error no se cometió

## III

En sus señalamientos de error segundo y tercero, Northwest cuestiona la apreciación de la prueba efectuada por OSHA. Alega que las determinaciones de hechos formuladas por OSHA no están sostenidas por la prueba. Que del testimonio del investigador y de las fotos presentadas en evidencia no se desprende el hecho de que los empleados estuvieran trabajando debajo de la excavadora. Cuestiona el hecho de que el investigador no haya fotografiado dicha máquina.

Sobre este particular, se ha establecido que las determinaciones de hechos formuladas por una agencia administrativa serán sostenidas por los tribunales si se basan en evidencia sustancial que obra en el expediente administrativo. Sección 4.5 de la Ley Núm. 170 de 12 de agosto de 1988, conocida como Ley de Procedimiento Administrativo Uniforme, (LPAU), 3 L.P.R.A. sec. 2175. Evidencia sustancial es aquella *"...que una mente razonable podría aceptar como adecuada para sostener una conclusión...,"* Hilton Hotel International v. Junta de Salario Mínimo, 74 D.P.R. 670, 687 (1953), aunque exista prueba conflictiva de la cual puedan inferirse conclusiones distintas a las que la agencia adopta. *Junta de Relaciones del Trabajo v. Línea Suprema,* 89 D.P.R. 846 (1964). Según esta doctrina, nuestra intervención está limitada a evaluar si la decisión de la agencia es razonable y no si efectuó una determinación correcta de los hechos que tuvo ante su consideración. Si existe más de una interpretación razonable de los hechos, los tribunales de ordinario debemos sostener la selección de la agencia y no sustituir nuestro criterio por el de la agencia. *Assoc. Ins. Agencies v. Com. Seg. P.R.,* 144 D.P.R. ___, **97 J.T.S. 142.**

Nuestro más Alto Foro ha establecido que la determinación de una agencia no está basada en evidencia sustancial cuando la parte recurrente demuestra la existencia de *"...otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que un tribunal no pueda, concienzudamente, concluir que la evidencia sea sustancial, en vista de la prueba presentada... y hasta el punto que se demuestre claramente que la decisión [del organismo administrativo] no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración"*. *Metropolitana S.E. v. A.R.P.E.*, 138 D.P.R. ___ (1995), 95 J.T.S. 39.

Es doctrina jurisprudencial reiteradamente sostenida aquella que establece que las conclusiones e interpretaciones de los organismos administrativos especializados merecen gran consideración y respeto. *Rivera v. Supte. Policía de P.R.*, 146 D.P.R. ___, 98 J.T.S. 88; *Misión Ind. P.R. v. J.C.A.*, 145 D.P.R. ___, 98 J.T.S. 77. La deferencia que debemos a las determinaciones de hechos del organismo administrativo, sólo puede obviarse si existe arbitrariedad, ilegalidad o irrazonabilidad de parte de la agencia o cuando tales determinaciones no encuentren apoyo en evidencia sustancial existente en la totalidad del récord. *Misión Ind. P.R. v. J.C.A., supra*; *Misión Ind. P.R. v. J.P. y A.A.A.*, 142 D.P.R. ___, 97 J.T.S. 34.

Apliquemos dichos principios al caso de autos. Hemos examinado minuciosamente el expediente ante nuestra consideración y concluimos que OSHA no erró al apreciar la prueba que tuvo ante su consideración. El inspector describió la operación de la excavadora mientras los empleados trabajaban debajo de la excavación y los riesgos que ésto conllevaba. En cuanto a las fotos, las mismas mostraban el área de trabajo y los empleados que se encontraban en ésta. Como sostiene OSHA, aunque el inspector no tomó fotos de la excavadora en sí, éste describió ese equipo y su operación.

Northwest no ha demostrado la existencia de otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que este Tribunal no pueda, concienzudamente, concluir que la evidencia sea sustancial, en vista de la prueba presentada y hasta el punto que se demuestre claramente que la decisión de OSHA no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración. *Metropolitana S.E. v. A.R.P.E., supra*. En ausencia de arbitrariedad, ilegalidad o irrazonabilidad de parte de OSHA y debido a que sus determinaciones de hechos encuentran apoyo en evidencia sustancial existente en la totalidad del récord, procede sostener la decisión de la agencia. *Misión Ind. P.R. v. J.C.A., supra*.

## IV

Por los fundamentos antes expuestos, se deniega la expedición del auto.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General